DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| VICKIE BERGMAN; JOHN BERGMAN, ) ) Plaintiff, ) ) v. ) ) WYNDHAM ST. THOMAS, INC., ) individually and d/b/a ) BLUEBEARD'S BEACH CLUB & VILLAS; ) BRUCE DEVON individually and ) d/b/a BEACH BISTRO; ABC CORP.; ) CAPRI GROUP, LLC, individually ) and d/b/a BLUEBEARD'S BEACH CLUB ) & VILLAS; JOHN DOE, ) ) Defendants. ) | Civil No. 2016-67 |

ATTORNEYS:

**Mark E. Guglielmi**
Feurstein & Smith, LLP
Buffalo, N.Y.
    *For Vickie Bergman and John Bergman,*

**Ryan C. Meade**
Quintairo, Prieto, Wood & Boyer, P.A.
Miami, FL
Orlando, FL
    *For Wyndham St. Thomas, Inc., d/b/a Bluebeard's Beach Club*
    *& Villas.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Wyndham St. Thomas, Inc., to dismiss the amended complaint of Vickie and John Bergman for

lack of subject matter jurisdiction and for failure to state a claim.

## I. FACTUAL AND PROCEDURAL HISTORY

John Bergman and Vickie Bergman (collectively, the "Bergmans") are husband and wife. The Bergmans allege that on December 2, 2014, Vickie Bergman was a guest at Bluebeard's Beach Club & Villas ("Bluebeard's") and the Beach Bistro (the "Bistro"). On the morning of December 2, 2014, "there was standing water on the last step of the staircase leading down from Bluebeard's . . . front office to the entrance of the . . . Bistro." ECF No. 18 at ¶ 22. While walking on the staircase, Vickie Bergman slipped and fell on that step.

As a result of the fall, the Bergmans allege that Vickie Bergman "sustained various serious and permanent injuries including a broken wrist, broken toe, bruising, [and] soreness; as well as emotional distress, loss of enjoyment of life, pain and suffering, humiliation, embarrassment and lost wages." *Id.* at ¶ 25. The Bergmans also allege that, because of Vickie Bergman's injuries, John Bergman "has been required to perform certain services that were previously performed by [Vickie Bergman]" and "has been deprived of a reasonable value of the

services that were previously performed by [Vickie Bergman]." *Id.* at ¶ 39.

On August 16, 2016, the Bergmans filed a complaint against Wyndham Vacation Ownership, Inc., as a corporate entity and d/b/a Bluebeard's; Wyndham St. Thomas Inc., as a corporate entity and d/b/a Bluebeard's; Wyndham Vacation Resorts, Inc., as a corporate entity and d/b/a Bluebeard's; Wyndham Resort Development Corp. as a corporate entity and d/b/a Bluebeard's; Bruce Devon individually and d/b/a the Bistro; John Doe; and ABC Corp. On December 22, 2016, the Bergmans filed an amended complaint (the "Amended Complaint") naming as defendants Wyndham St. Thomas Inc. as a corporate entity and d/b/a Bluebeard's ("Wyndham"); Capri Group, LLC, as a corporate entity and d/b/a Bluebeard's ("Capri"); Bruce Devon individually and d/b/a the Bistro ("Devon"); John Doe; and ABC Corp.

The Bergmans allege that, during all times relevant to this action, (1) Wyndham was the owner of the Bistro on St. Thomas, U.S. Virgin Islands; (2) Wyndham and Capri were the "operators" of Bluebeard's and the Bistro and "were in possession and control" of the property on which Bluebeard's and the Bistro are located, *see id.* at ¶¶ 13-14; and (3) Devon was the owner and operator of the Bistro.

*Bergman v. Wyndham St. Thomas, Inc., et al.*
Civil No. 2016-67
Order
Page 4

The Amended Complaint includes three causes of action: (1) a negligence cause of action against Wyndham and Capri for Vickie Bergman's injuries; (2) a negligence cause of action against Devon for Vickie Bergman's injuries; and (3) a loss of consortium cause of action against each of the defendants for John Bergman's injuries.

The Bergmans assert that this Court may exercise diversity jurisdiction over their claims. In support of that assertion, the Bergmans allege that (1) they are residents of Ohio; (2) Wyndham is incorporated under the laws of the Virgin Islands and maintains its principal place of business in the Virgin Islands; (3) Capri is incorporated under the laws of the Virgin Islands and maintains its principal place of business in the Virgin Islands; and (4) Devon is a resident of the Virgin Islands. For relief, the Bergmans demand "[a]n amount within the jurisdictional limits of this Court" as damages for "loss of earning, future loss of earnings, loss of benefits, diminution of income, physical, mental and emotional pain, expenses associated and incurred for medicine, medical treatment, hospitalization, food and pharmaceutical costs, nursing costs, rehabilitation costs, [and] loss of enjoyment of life." *Id.* at pp. 9-10. The Bergmans do not allege a specific money amount of damages.

On January 6, 2017, Wyndham moved to dismiss the Amended Complaint. Wyndham argues that the Court lacks subject matter jurisdiction because there is not a sufficient amount in controversy. In the alternative, Wyndham argues that the Bergmans have failed to state claims for which relief may be granted.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") governs motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be treated as either a facial or a factual challenge to a court's subject-matter jurisdiction. *See Gould Elecs. V. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. Id. at 189-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). When a party has yet to answer the Complaint or engage in discovery, the motion to

dismiss is a facial attack on the Court's subject matter jurisdiction. *See Askew v. Trs. of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith, Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial").

"[A] factual challenge[] attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (original alterations omitted) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)); *see also Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police,* 920 F.2d 198, 200 (3d Cir.1990) (holding that factual basis for jurisdictional allegations in complaint could be disputed before answer was served). Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (stating that because at issue is the very power of the trial court to hear the case, a court

is free to weigh evidence beyond the allegations in the complaint). Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

**B. Motion to Dismiss for Failure to State a Claim**

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.,* 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964–65 (internal citations omitted). Thus, "[t]o

survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.,* 127 S. Ct. at 1965).

### III. ANALYSIS

**A. Subject Matter Jursidiction**

A party may mount a factual attack on the existence of subject-matter jurisdiction only after answering a plaintiff's complaint. *See Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358–59 (3d Cir. 2014) ("The Commonwealth filed the attack before it filed any answer to the Complaint or otherwise presented competing facts. Its motion was therefore, by definition, a facial attack."); *see also Smalls v. Jacoby & Meyers, LLP*, No. CV 15-6559 (JLL), 2016 WL 354749, at *2 (D.N.J. Jan. 26, 2016) (collecting cases). Here, Wyndham challenged the Court's subject-matter jurisdiction by filing a Rule 12(b)(1) motion in lieu of an answer. Accordingly, the Court's inquiry is confined to the allegations in Bergman's pleadings.

Wyndham argues that this Court cannot exercise diversity jurisdiction over this matter because the Bergmans have not demonstrated that the amount in controversy exceeds $75,000.

Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. "In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395–96 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). The Court's inquiry here requires "only minimal scrutiny of the plaintiff's claims," and "the 'threshold to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is thus lower than that required to withstand a Rule 12(b)(6) motion." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997), *as amended* (Feb. 18, 1997) (quoting *Lunderstadt v. Colafella,* 885 F.2d 66, 70 (3d Cir. 1989)).

Nevertheless, a court is not bound by a conclusory allegation of jurisdiction. *See Shimsky v. Ford Motor Co.*, 170 F.R.D. 125, 126 (E.D. Pa. 1997); *see also Sarfraz v. Vohra Health Servs., PA*, 663 F. Supp. 2d 147, 150 (E.D.N.Y. 2009) ("The plaintiffs' boilerplate claim of damages provides little assistance to the Court in analyzing its jurisdiction."). Instead, where the amount in controversy is not apparent from

the face of the complaint, the Court is to determine the amount "by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir.1993) (citing *Wash. State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1977)).

In *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 849 (5th Cir. 1999), a plaintiff was injured after being dragged by a car in the parking lot of the defendant's store. *Id.* at 849. The plaintiff sued in Louisiana state court. *Id.* Without alleging a specific amount of money damages, the complaint alleged that the plaintiff "suffered bodily injuries and damages including but not limited to a severely injured shoulder, soft-tissue injuries throughout her body, bruises, abrasions and other injuries . . . and has injured or will incur medical expenses." *Id.* at 849-50. The defendant removed the action to the federal district court on the basis of diversity jurisdiction. *Id.* at 850. The case was eventually tried to a jury and judgment was entered in favor of the plaintiffs. *Id.* at 849. The defendant appealed to the Fifth Circuit. *Id.*

On appeal, the Fifth Circuit *sua sponte* considered whether the district court had jurisdiction over the action. *Id.* at 850. The Fifth Circuit explained that, when a complaint does not assert a specific amount of monetary damages, a removing

defendant must "'(1) . . . demonstrate[e] that it is facially apparent that the claims are likely above $75,000, or (2) . . . set[] forth facts in controversy . . . that support a finding of the requisite amount.'" *Id.* (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). The defendant had never set forth any facts in controversy, so "removal was proper only if the jurisdictional amount was 'facially apparent' from the complaint." *Id.*

The Fifth Circuit examined its precedent, and observed that it had previously found the jurisdictional amount "facially apparent" from the complaint where a plaintiff alleged that she "became severely ill after not taking the medication and specifically alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework following her hospitalization." *Id.* (citing *Luckett*, 171 F.3d 295). In contrast, the *Simon* plaintiffs

> alleged, with little specificity, damages from less severe physical injuries—an injured shoulder, bruises, and abrasions—and unidentified medical expenses for Simon, plus loss of consortium for Elwin. It did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability, which damages, if alleged, would have supported a

> substantially larger monetary basis for federal
> jurisdiction.

*Id.* at 851. The Fifth Circuit held that it was not facially apparent that the amount in controversy was satisfied and vacated the judgment. *Id.*

In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000), the plaintiff was injured after slipping and falling in the defendant's store. *Id.* at 881. The plaintiff filed a complaint in Louisiana state court alleging "that she sustained injuries to her right wrist, left knee and patella, and upper and lower back." *Id.* The plaintiff did not plead a monetary amount of damages but generally "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." *Id.* The defendant removed the action to the federal district court pursuant to diversity jurisdiction. *Id.* The plaintiff moved to remand the action, arguing that the amount in controversy requirement was not satisfied. *Id.* at 882. The district court denied the motion to remand, and the plaintiff appealed. *Id.*

On appeal, the Fifth Circuit held that it was "'facially apparent' from [the plaintiff]'s original petition that the claimed damages exceeded $75,000." *Id.* at 883. The Fifth Circuit

<pre>Bergman v. Wyndham St. Thomas, Inc., et al.
Civil No. 2016-67
Order
Page 13</pre>

explained that plaintiff's alleged injuries and damages "support a substantially larger monetary basis to confer removal jurisdiction that the allegations reviewed in *Simon*, and therefore the district court did not err in denying [the plaintiff]'s motion to remand." *Id.*

Here, the Bergmans allege that Vickie Bergman slipped and fell on a staircase. As a result of the fall, the Bergmans allege that Vickie Bergman "sustained various serious and permanent injuries including a broken wrist, broken toe, bruising, [and] soreness; as well as emotional distress, loss of enjoyment of life, pain and suffering, humiliation, embarrassment and lost wages." ECF No. 18 at ¶ 25. The Bergmans claimed damages in

> [a]n amount within the jurisdictional limits of this Court . . . for [Vickie Bergman's] loss of earning, future loss of earnings, loss of benefits, diminution of income, physical, mental and emotional pain, expenses associated and incurred for medicine, medical treatment, hospitalization, food and pharmaceutical costs, nursing costs, rehabilitation costs, loss of enjoyment of life, and other relief as may be just and proper.

Id. at pp. 9-10.

The Bergmans' complaint may not be ideal. Still, the severity of Vickie Bergman's injuries, namely a broken wrist and toe, and the damages alleged are comparable to those the Fifth Circuit considered in *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d

880 (5th Cir. 2000). Because it cannot be said with legal certainty that Bergmans' claim is for less than $75,000, Wyndham's facial motion to dismiss for lack of subject matter jurisdiction must be denied.

**B. Vickie Bergman's Negligence Cause of Action**

Wyndham next argues that the Bergmans have failed to state a claim of negligence against Wyndham.

To sufficiently allege a negligence claim under Virgin Islands law, a plaintiff's claim must contain four elements: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *White v. Spenceley Realty, LLC*, 53 V.I. 666, 673 (2010) (citing Restatement (Second) of Torts § 281 (1965)). Significantly, in the Virgin Islands the duty of care a possessor of land owes an entrant does not depend on the entrant's status (i.e., invitee, license, or trespasser). Rather, possessors of land owe all entrants a duty to exercise reasonable care to avoid foreseeable harm. *See Machado v. Yacht-Haven U.S.V.I., LLC*, 61 V.I. 373, 386 (2014) (explaining that, "in all premises liability actions," "the foreseeability of harm is the touchstone of the existence of a land possessor's duty of reasonable or ordinary care" (alterations and internal quotation marks omitted)).

Here, the Bergmans allege that Wyndham was the owner and operator of Bluebeard's and the Bistro. While on that property,

the Bergmans allege that Vickie Bergman slipped in standing water on a staircase and was injured when she fell. The Bergmans further allege that Wyndham "knew or should have known" of the standing water, yet failed to warn Vickie Bergman of the condition or take any other action to prevent or eliminate the hazard. See ECF No. 18 at ¶ 23. Though sparse, the Court is satisfied that these allegations state a plausible claim for relief. *Accord Woods v. Dolgencorp, LLC*, No. TJS-15-3249, 2016 WL 6137893, at *1–2 (D. Md. Oct. 21, 2016) (finding complaint stated plausible claims where "the complaint assert[ed] the following facts: Plaintiff was an invitee to the premises where she was injured by tripping over a buckled mat, [the defendant] controlled the premises at the time of her injury, [the defendant] failed to ensure that a mat on the premises was properly placed, Reddy Ice had notice of the crumpled mat, and [the defendant] failed to take proper precautions or warn Plaintiff of the buckled mat"); *Bornemann v. Norfolk Dredging Co.*, No. CV 14-4032, 2015 WL 4678218, at *2 (E.D.N.Y. Aug. 3, 2015) (finding complaint stated plausible claims where "complaint d[id] not provide extensive detailed facts," but alleged that (1) "Defendant was the general contractor and/or construction manager at the site"; (2) "Defendant negligently failed to operate the construction activities in a reasonable

safe or adequate manner"; (3) "Defendant had both actual and constructive notice of the dangerous and defective conditions that existed at the site"; and (4) "Plaintiff was injured while working at the site").

**C. John Bergman's Loss of Consortium Cause of Action**

Finally, Wyndham argues that the Bergmans have failed to state a claim for loss of consortium.

"The cause of action for loss of consortium seeks to compensate the uninjured spouse for the 'disruptive influence in the sphere of family and social life' caused by the negligently inflicted injury to his spouse." *Kingman v. Dillard's, Inc.,* 643 F.3d 607, 615–16 (8th Cir.2011) (citing *Helming v. Dulle,* 441 S.W.2d 350, 355 (Mo. 1969)). "Thus, an uninjured husband can recover for the loss of his wife's share of 'those mutual contributions that are normally expected in the maintenance of a household.' " *Id.* at 616 (citing Restatement (Second) of Torts § 693 cmt. f).

A loss of consortium claim is a derivative claim, dependent upon the existence of tortious conduct on the part of the defendant. *See McKinnon v. Gonzales,* Civ. No. 07-1694, 2008 WL 305590 (D.N.J. Jan. 30, 2008); *see also Benjamin v. Cleburne Truck & Body Sales, Inc.,* 424 F. Supp. 1294, 1299 (D.V.I. 1976) (noting that "a spouse may maintain an action for loss of

consortium against a ... tortfeasor where said [tortfeasor] has caused the other spouse to suffer bodily injuries"). To plead a valid cause of action for loss of consortium, then, a plaintiff must allege that (1) the defendant is liable for an injury or illness of the plaintiff's spouse; and (2) the plaintiff suffered a "resulting loss of the society and services of [his or her] spouse." *See* Restatement (Second) of Torts § 693(1).

In support of John Bergman's loss of consortium claim, the Bergmans allege that John Bergman is Vickie Bergman's husband. The Bergmans further allege that Wyndham is liable for Vickie Bergman's injuries and that, as a result of those injuries, John Bergman "has been required to perform certain services that were previously performed by . . . V[ickie] B[ergman]." *See* ECF No. 18 at ¶ 39. As such, the Bergmans allege that "J[ohn] B[ergman] has been deprived of a reasonable value of the services that were previously performed by V[ickie] B[ergman]" as well as "the loss of normal affection." *See id.* Taking these allegations as true, John Bergman has stated a plausible loss of consortium claim. *Accord Jeffries v. Emerson Indus. Automation*, No. 214CV02431SHLTMP, 2015 WL 11019141, at *4 (W.D. Tenn. Feb. 20, 2015) (holding that plaintiff stated plausible loss of consortium claim where she alleged that defendant's tortious conduct injured her husband, and that as a result (1) the

plaintiff's husband was "unable to provide his usual services to her (such as taking her to doctor's appointments)"; and (2) the plaintiff was deprived of his "society, affection, assistance, and conjugal fellowship" (alterations and internal quotation marks omitted)).

The premises considered, it is hereby

**ORDERED** that the motion of Wyndham St. Thomas, Inc., to dismiss docketed at ECF Number 22 is **DENIED**.

S\_____
**Curtis V. Gómez
District Judge**